UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PAMELA BENTZ, REGINA CARPENTER, ) <br> and ELIZABETH RHYNE, ) <br> ) <br>     *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> SUMNER COUNTY, TENNESSEE, ) <br> ABBEY THOMPSON, and CARL ) <br> PETERSON, ) <br> ) <br>     *Defendants.* ) | Case No. 3:14-cv-2300 <br><br> Senior Judge Nixon <br> Magistrate Judge Griffin |

**INITIAL CASE MANAGEMENT ORDER # 1**

    Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**:

A. **Jurisdiction and Venue.** This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 (supplemental jurisdiction). Neither jurisdiction nor venue is disputed.

B. **Parties' Theories of the Case.**

    1. **Plaintiff's Theory of the Case.**

    Defendants Thompson and Peterson violated Plaintiffs' right to privacy under the Fourth Amendment by subjecting each woman to a strip-search in full view of a male guard – Defendant Peterson – and in view of other detainees in the Sumner County Jail, without any adequate factual or legal justification for doing so. Defendants Thompson and Peterson unlawfully retaliated against Plaintiffs in violation of the First Amendment by subjecting them to a more

1

invasive, degrading, and humiliating strip search than other women after they complained of Defendant Peterson's presence.

Because Sumner County's failure to train, supervise, and discipline correctional officers for privacy violations involving female inmates was the moving force behind these constitutional violations, Defendant Sumner County is liable to Plaintiffs for the Fourth Amendment privacy violation as well. Finally, the actions Defendants Peterson and Thompson took subject them to liability sounding in Tennessee tort law, specifically, invasion of privacy for negligence *per se*, and negligent infliction of emotional distress.

**2. Defendants' Theory of the Case.**

Sumner County, Tennessee, Abbey Thompson and Carl Peterson ("Sumner Defendants") deny the allegations found in Plaintiffs' Complaint. In the early morning hours of November 29, 2013, Defendant Abbey Thompson ("Defendant Thompson") learned that the Plaintiffs had brought cigarettes into the Pod. Pursuant to their proper training, the Plaintiffs' cells were searched. The search was done for the penological interest of stopping contraband from being brought into and distributed in the Sumner County Jail.

When the contraband was not found in any of the Plaintiffs' cells, the decision was made to further search the Plaintiffs. This decision was not made to punish the Plaintiffs or to retaliate against them. It was performed in the penological interest of finding and stopping illegal contraband from being brought into and distributed in the Sumner County Jail.

The female Pods contain individual shower stalls. The shower stalls also have doors which cover the private areas of the inmates. Each Plaintiff was asked to go, individually, into the shower stall. They were asked to remove their cloths, squat and cough. At no time was a cavity search performed.

Standing in front of the shower stalls was female correctional officer Defendant Thompson. As Defendant Thompson was the only correctional officer in the Pod, Defendant Carl Peterson ("Defendant Peterson") entered the Pod to make sure Defendant Thompson was safe. At no time did Defendant Peterson stare into the showers. He never saw the Plaintiffs in a state of undress. He simply was in the Pod to provide protection for Defendant Thompson. The only correctional officer to view the Plaintiffs during the search was Defendant Thompson.

The search was performed properly and did not violate the Plaintiffs' rights as they allege in their Complaint. Sumner County, Tennessee had proper policies in place to supervise, train and discipline its correctional officers. In fact, an investigation was performed into the incident. The investigation included watching the video of the incident, speaking with the correctional officers, and speaking with the Plaintiffs. The investigation found the Plaintiffs' complaints to be unfounded. While it is not a preferred practice to have a male correctional guard assist in security during female searches, such a practice did not violate the Plaintiffs' privacy.

In a jail setting, it is not always possible to have female officers guard female inmates. It is not a constitutional violation to have male guards be in a Pod during a search of female inmates, especially when the view of the female inmates, such as Plaintiffs, is blocked by a shower stall door. The Sumner Defendants deny the allegations found in the Plaintiff's Complaint and further state that the Plaintiffs' rights were not violated.

C. **Resolved Issues.** Service, jurisdiction, and venue.

D. **Disputed Issues.** Liability and Damages.

E. **Initial Disclosures**. The parties shall make their Rule 26(a)(1) disclosures on or before **February 2, 2015.**

F.  **Discovery.** The parties shall complete all written discovery and depose all fact witnesses on or before **August 3, 2015**. Discovery is not stayed while dispositive motions are pending, unless otherwise ordered by the Court. The deadline for filing discovery-related motions is **August 12, 2015.**

G.  **Motions to Amend.** The parties shall file all Motions to Amend the Pleadings on or before **May 20, 2015**.

H.  **Expert Disclosures**. The Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **September 7, 2015.** Defendants shall identify and disclose all expert witnesses and reports on or before **October 5, 2015.**

I.  **Deposition of Expert Witnesses**. The parties shall depose all expert witnesses on or before **December 7, 2015**.

J.  **Dispositive Motions.** The parties shall file all dispositive motions on or before **January 15, 2016**. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed 20 pages.

K.  **Electronic discovery.** The parties will attempt to reach agreement on how to conduct electronic discovery on a consensual basis. Until such time, the parties will conduct electronic discovery pursuant to the default standard set forth in Administrative Order No. 174.

L.  **Trial**. The trial is scheduled on **May 24, 2016**, before Judge Nixon, to last three (3) days. The pretrial conference is set for **May 13, 2016, at 10:00 a.m.**

**It is so ORDERED.**

_____
**Juliet Griffin, U.S. Magistrate Judge**

Dated:   January 2, 2015					Respectfully submitted,


/s R. Andrew Free_____
**R. ANDREW FREE, TN BPRN 030513**
LAW OFFICE OF R. ANDREW FREE
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 432-2642 (office)
(615) 244-4345 (fax)
Andrew@ImmigrantCivilRights.com

*Counsel for Plaintiffs*


*s/ Thomas B. Russell*
A. Scott Derrick, #6620
Thomas B. Russell, #26011
GULLETT SANFORD ROBINSON & MARTIN PLLC
150 Third Avenue South, Suite 1700
Nashville, Tennessee 37201
sderrick@gsrm.com
trussell@gsrm.com


*s/ Leah May Dennen*
Leah May Dennen, #12711
Sumner County Law Director
Erika S. Porter, #32316
355 North Belvedere Drive, Room 303
Gallatin, Tennessee  37066
LeahMay@sumnercountylaw.com
erika@sumnercountylaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing *Proposed Initial Case Management Order* was served the following counsel of record via this Court's CM/ECF electronic filing system:

A. Scott Derrick
Gullett Sanford Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201

Thomas B. Russell
Gullett Sanford Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201

Leah May Dennen
355 North Belvedere Drive, Room 303
Gallatin, Tennessee 37066

Erika S. Porter
355 North Belvedere Drive, Room 303
Gallatin, Tennessee 37066

Date: January 2, 2015                    /R. Andrew Free
                                         R. Andrew Free